IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EUNICE SANTOS,
   *Plaintiff,*

v.

MEMORIAL HERMANN HEALTH
SYSTEM
   *Defendant.*

§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 4:25-cv-01855

JURY TRIAL DEMANDED

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Eunice Santos ("Plaintiff" or "Santos") bringing the causes of action listed herein against Memorial Hermann Health System ("Defendant" or "Memorial Hermann") and would respectfully show the court the following:

## I.      NATURE OF THE CASE

1.      This is an employment discrimination case brought by Eunice Santos, a former employee of Memorial Hermann Health System. Plaintiff asserts claims of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, including the Pregnancy Discrimination Act of 1978 ("PDA"), and the Texas Commission on Human Rights Act ("TCHRA"). Plaintiff also asserts a claim for failure to accommodate a pregnancy-related disability under the Americans with Disabilities Act of 1990 ("ADA").

## II.     PARTIES & SERVICE

2.     Plaintiff Eunice Santos is a resident of Texas and was last employed by Defendant as a Technical Business Intelligence Analyst from July 2021 until her termination on March 5, 2024.

3.     Defendant Memorial Hermann Health System is a healthcare provider headquartered in Texas and conducts business throughout the state. Memorial may be served with process by serving its registered agent, Capitol Corporate Services, Inc., located at 1501 S Mopac Expy STE 220 Austin, Texas 78746.

4.     Whenever in this Complaint it is alleged that Memorial Hermann did or failed to do any act or thing, it is meant that Memorial Hermann personally engaged in such conduct, or that Memorial Hermann's governing body, directors, vice principals, officers, managers, agents, servants, employees and/or representatives did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of Memorial Hermann and/or was done in the normal and routine course and scope of employment or agency of Memorial Hermann's governing body, directors, vice principals, officers, managers, agents, servants, employees and/or representatives.

## III.     JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331.

6.     The court has supplemental jurisdiction of this case because the claims against Memorial Hermann arise under Texas law but are properly joined in this suit because they share a

common nucleus of operative fact with the federal claims. 28 U.S.C. § 1367(a); FED. R. CIV. PRO. § 20(a)(2).

7.      Within 300 days of the last discriminatory act complained of Plaintiff filed her initial complaint with the Equal Employment Opportunity Commission ("EEOC") via Charge of Discrimination No. 460-2025-0019.

8.      Therefore, Plaintiff has exhausted any applicable administrative remedies and, on or about March 27, 2025, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of her receipt of the Dismissal and Notice of Right to Sue letter.

9.      Thus, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

10.      Venue is proper in this judicial district court 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e- 5(f)(3), because Memorial Hermann conducts business in the district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Southern District of Texas, Houston Division.

## IV.    FACTS

11.      Plaintiff was hired as a Technical Business Intelligence Analyst in July 2021 and consistently excelled in her role. She successfully developed and implemented a new data analysis system that remained in use at the time of her abrupt and unjust termination.

12.      Throughout her employment, Plaintiff maintained a strong performance record, receiving at least one pay increase as well as recognition award(s). In late 2023, Plaintiff's work performance suffered slightly when she was taking care of her mother at home and then when her

mother passed away. Otherwise, Plaintiff's work performance throughout her tenure with Defendant was great.

13. In November 2023, Plaintiff informed Memorial Hermann management of her pregnancy.

14. However, after a new manager, Rui Wang ("Wang"), assumed leadership in January 2024, and Plaintiff informed Wang that she was pregnant, Plaintiff suddenly became the target of sudden and unwarranted scrutiny. Despite her continued strong job performance, Wang subjected her to heightened oversight and baseless disciplinary actions. In other words, Plaintiff's informing Wang about her pregnancy immediately preceded disparate treatment of Plaintiff at work, and by Wang.

15. Without justification, Wang falsely claimed that Plaintiff failed to "perform up to Memorial Hermann expectations," yet offered no legitimate reasoning or evidence to support this assertion.

16. By February 2024, Plaintiff was already on prescription medication for her pregnancy-related diabetes and blood pressure issues. In early February 2024, Wang attempted to coerce Plaintiff into applying for pregnancy-related accommodations she did not need, despite her ability to fully perform all essential job functions at that time. Additionally, when Plaintiff asked for the accommodation to be allowed to prepare summaries for work meetings in advance with recorded video and documents, she was told to apply for those accommodations, requiring Plaintiff to make a request in a specific sort of way as if her request as stated was not enough.

17. Plaintiff had been diagnosed with a high risk pregnancy in late 2023. In 2023, early on in her pregnancy, was also when she developed the gestational diabetes and was monitoring her blood pressure. Prior to March 2024, Plaintiff's healthcare appointments for her pregnancy

were once a month. In March 2024 though, Plaintiff's doctor required weekly medical exams and Plaintiff formally requested weekly PTO to attend these appointments. In other words, Plaintiff requested a reasonable accommodation of Memorial Hermann. Her request was completely ignored by both Wang and Memorial Hermann Human Resources. As such, Memorial Hermann refused to and failed to engage in the interactive process with regards to Plaintiff's request(s) for accommodation.

18.     In a blatant act of retaliation, just days later—on March 5, 2024—Plaintiff was terminated without notice, mere weeks before she would have become eligible for maternity leave.

19.     Unlike other Memorial Hermann employees who were terminated, Plaintiff was denied any opportunity to transition out of her role, reinforcing the retaliatory and discriminatory nature of her dismissal. Put simply, Plaintiff was singled out and treated differently than other employees that had been terminated to Plaintiff's knowledge and to her tenure and the only visible difference is that Plaintiff was pregnant when she was terminated and those employees were not.

20.     As a direct result of her termination, Plaintiff immediately lost her health insurance coverage, leaving her financially burdened and forced to pay out-of-pocket for critical medical care related to her high-risk pregnancy.

21.     Memorial Hermann further exacerbated Plaintiff's hardship by refusing to verify her termination date, unlawfully obstructing her ability to obtain unemployment benefits.

22.     Other similarly situated Memorial Hermann employees, including those who took maternity or paternity leave, were not subjected to termination—demonstrating clear and egregious disparate treatment against Plaintiff due to her pregnancy and legitimate need for medical accommodations.

V.    **DISCRIMINATION & RETALIATION UNDER FEDERAL AND STATE LAW**

I.    **GENDER (PREGNANCY) DISCRIMINATION CLAIMS UNDER TITLE VII AGAINST DEFENDANT**

23.    Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

24.    As a female, Plaintiff is a member of a protected class under Title VII. Plaintiff asserts the following gender discrimination claims under Title VII of the Civil Rights Act of 1964:

A.    COUNT 1: DISPARATE TREATMENT

25.    As a pregnant female, Plaintiff was treated less favorably compared to male colleagues and/or non-pregnant female employees.

26.    Defendant had direct knowledge of Plaintiff's protected class, as Plaintiff informed her manager, Wang, of her pregnancy, and Wang was already aware that Plaintiff is female. Despite this, Plaintiff was subjected to disparate treatment that other employees did not face.

27.    Specifically, other employees of Memorial Hermann with less technical job functions were allowed to take maternity leave without being terminated, and another employee was granted PTO for her marriage. However, unlike these employees, Plaintiff was denied the ability to continue working through her pregnancy with a simple accommodation before taking maternity leave. This was the sole distinguishing factor between Plaintiff and these other employees, yet it resulted in her being treated unfairly and unlawfully.

B. COUNT 2: ADVERSE ACTION

28.    As a pregnant female, Plaintiff was subjected to adverse employment action, including the wrongful denial of accommodation and wrongful termination, because of her pregnancy.

6

29.     Defendant failed to provide Plaintiff with the same benefits, including maternity leave and accommodation, that were afforded to other non-pregnant employees. Plaintiff was terminated in retaliation for requesting reasonable accommodations related to her pregnancy.

C.   COUNT 3: RETALIATION

30.     Plaintiff engaged in protected activity by requesting a reasonable accommodation for her pregnancy-related medical condition.

31.     Defendant retaliated against Plaintiff for engaging in protected activity by terminating her employment shortly after she requested accommodations.

32. Further, Santos's disciplinary record began to reflect that of an employee less than Memorial Hermann standards *only after* Wang became Santos' supervisor.

## II. **COUNT 2: PREGNANCY DISCRIMINATION & RETALIATION UNDER THE PREGNANCY DISCRIMINATION ACT**

33.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

D.   COUNT 1: DISPARATE TREATMENT

34.     Plaintiff's request(s) for leave and/or accommodation, as a pregnant woman, were treated differently that her non-pregnant and pregnant coworkers. Specifically, other employees of Memorial Hermann with less technical job functions were allowed to take maternity leave without being terminated, and another employee was granted PTO for her marriage. However, unlike these employees, Plaintiff was denied the ability to continue working through her pregnancy with a simple accommodation before taking maternity leave. This was the sole distinguishing factor between Plaintiff and these other employees, yet it resulted in her being treated unfairly and unlawfully.

E. COUNT 2: ADVERSE ACTION

35.    On two occasions following her sharing her pregnancy status, Memorial Hermann was put on notice of Santos's pregnancy-related complications. While Memorial Hermann claims Santos's PTO request was never denied, Memorial Hermann neglected to address whether the request was ever even seriously considered before they decided to terminate Santos. Memorial Hermann failed to address or attempt to accommodate Santos when she requested accommodation.

F. COUNT 3: RETALIATION

36.    Plaintiff engaged in protected activity by requesting a reasonable accommodation for her pregnancy-related medical condition.

37.    Defendant retaliated against Plaintiff for engaging in protected activity by terminating her employment shortly after she requested accommodations.

## III.    COUNT 3: FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

38.    Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

39.    Plaintiff is an individual who, during her pregnancy, had a qualified disability under the Americans with Disabilities Act of 1990. Specifically, Plaintiff was diagnosed with gestational diabetes and was at high risk for preeclampsia—both of which posed significant risks to her health and substantially limited one or more major life activities, including the ability to perform essential job functions and attend necessary medical appointments.

40.    Plaintiff requested a reasonable accommodation in the form of weekly paid time off (PTO) to attend medical appointments necessary to manage these conditions and protect the health of both herself and her unborn child.

41.    Defendant failed to engage in the interactive process or respond to Plaintiff's accommodation request. Plaintiff received no communication from her supervisor, Rui Wang, or the Human Resources department. No alternative accommodations were proposed or provided.

42.    Defendant's failure to respond or provide a reasonable accommodation constitutes a violation of the Americans with Disabilities Act.

## IV.    COUNT 4: DISCRIMINATION & RETALIATION UNDER TEXAS LAW

43.    Plaintiff adopts by reference all of the facts set forth above. See, TEX. R. CIV. P.58.

44.    Plaintiff is a member of one or more protected classes under Chapter 21, Sec. 21.051 of the Texas Labor Code ("TCHRA"), including as a woman, a pregnant individual, and a person with a disability. Plaintiff asserts claims of discrimination and retaliation under Texas law based on gender, pregnancy, and disability. Under Section 21.051 of the TCHRA, an employer commits an unlawful practice if, because of an employee's membership in a protected class, they (1) discharge the employee or discriminate against the employee in any manner with respect to pay or any terms, conditions, or privileges of the individual's employment, or (2) limit, segregate, or classify the employee in a way that deprives the employee of any employment opportunities or adversely affects the employee's status in any way. Defendant's conduct in this case constitutes discrimination and retaliation on the basis of Plaintiff's gender, pregnancy, and disability, conditions that are protected under both federal and state law.

45.    Specifically, Plaintiff, a female employee, was subjected to differential and discriminatory treatment upon disclosing her pregnancy to her employer. Defendant's actions, including unwarranted write-ups, denial of accommodations, and ultimately wrongful termination, were driven solely by Plaintiff's pregnancy and the request for an accommodation related to her

high-risk medical condition. These actions were in stark contrast to the treatment afforded to other employees who were not pregnant, including those who took maternity and paternity leave without facing termination or retaliation.

46.    Plaintiff's reasonable request for accommodation was ignored, and when she sought to assert her rights under the law, Defendant retaliated by firing her in a manner that left her without the opportunity to plan for her healthcare needs or secure other employment. This constitutes both pregnancy discrimination and retaliation under the TCHRA.

47.    Defendant's conduct, including failing to provide the requested accommodations and wrongfully terminating Plaintiff, has caused Plaintiff significant harm. The financial impact of being without medical insurance during a high-risk pregnancy, coupled with the emotional toll of wrongful termination, has created severe hardship for Plaintiff.

48.    Defendant's actions constitute violations of multiple sections of Chapter 21 of the Texas Labor Code, including but not limited to TEX. LAB. CODE §§ 21.051(1) and 21.105. Plaintiff seeks redress for the unlawful treatment she endured, including damages for lost wages, emotional distress, and punitive damages for Defendant's willful violation of her rights.

## V.    DAMAGES

49.    Due to the discrimination and retaliation based on pregnancy and gender suffered at the hands of Defendants, Plaintiff has suffered actual damages.

50.    In addition, Plaintiff avers that Defendants' unlawful discrimination and retaliation justifies an award of compensatory and/or punitive damages.

51.    Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits

associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination.

52. Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the results of Defendant's discriminatory practices and retaliation, and they will continue unless and until this Court grants relief.

## VI.     PRAYER

53. For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) For actual economic damages including, but not limited to, back pay to compensate Plaintiff for loss of income and/or employment-related benefits resulting from the discriminatory actions of Defendant;

b) Compensatory damages for severe mental anguish in the past and future, injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory actions of Defendant;

c) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

d) An award of reasonable attorneys' fees and the cost and expenses related to the litigation of this claim;

e) Pre-judgment interest at the highest rate allowed by law;

f) Post-judgment interest at the highest rate allowed by law; and

g) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

Bridget Davidson
*bdavidson@spacecitylaw.com*
SDTX No.: 3005005
TBN: 24096858
SPACE CITY LAW FIRM
440 Louisiana Street, Suite 1110
Houston, Texas 77002
Tel.: 713-568-5305
Fax: 713-583-1107

**ATTORNEY FOR PLAINTIFF**