United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EUNICE SANTOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-1855** |
| | § | |
| **MEMORIAL HERMANN HEALTH SYSTEM,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the Court[1] is Defendant Memorial Hermann Health System's ("Defendant") Motion for Summary Judgment (ECF No. 22) and Plaintiff Eunice Santos's ("Plaintiff") Unopposed Motion for Extension of Time (ECF No. 23) and Motion for Continuance (ECF No. 27). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Defendant's Motion for Summary Judgment (ECF No. 22) be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**. The Court further **DENIES AS MOOT** Plaintiff's Unopposed Motion for Extension of Time (ECF No. 23) and **DENIES** Plaintiff's Motion for Continuance (ECF No. 27).

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 25).

## I. Background

This is a workplace discrimination dispute. Plaintiff worked for Defendant from June 2021 to March 2024. (ECF No. 22-1 at 83; ECF No. 22-31 at 4). Issues with Plaintiff's performance and conduct began as early as May 2022. (ECF No. 22-1 at 134–137, 140–144; ECF No. 22-5 at 2–3). These issues largely centered around Plaintiff's responsiveness, which led to missed deadlines and communication gaps. (*See* ECF No. 22-11 at 2–4; ECF No. 22-12 at 2).

In November 2023, Plaintiff informed Defendant that she was pregnant. (ECF No. 22-1 at 165). On February 7, 2024, Plaintiff submitted a written request, informing Defendant that she was "dealing with a pregnancy at high risk for complications" and requesting to "be exempted from in person and ZOOM meetings" because workplace interactions were causing "physical symptoms which are risk factors for adverse health outcomes to myself and or [her] baby." (*See* ECF No. 22-19 at 2–4)). The next day, Defendant directed Plaintiff to "formalize the request" through the Sedgwick portal. (*Id.* at 2). However, Plaintiff did not take any further steps to initiate the accommodations process. (ECF No. 22-1 at 124–26).

Because Plaintiff's performance issues remained unresolved, Defendant placed Plaintiff on a Performance Improvement Plan on February 9, 2024. (ECF No. 22-22; ECF No. 22-39 at 81–88). On February 16, 2024, Plaintiff received a written warning for failing to attend two scheduled meetings without prior notice to her team. (ECF No. 22-25). On February 27, 2024, Plaintiff again failed to attend a scheduled meeting, without prior notice to her team members, and she did not respond to a follow-up email from her manager regarding her absence. (ECF No. 22-29). The next day, Plaintiff behaved unprofessionally in a meeting with another team by speaking aggressively towards others. (*See* ECF No. 22-30 at 105). On March 5, 2024, Defendant terminated Plaintiff's employment. (ECF No. 22-31 at 4).

On April 23, 2025, Plaintiff filed the instant suit against Defendant, asserting claims of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), including the Pregnancy Discrimination Act of 1978 (the "PDA"), and the Texas Commission on Human Rights Act ("TCHRA"). (ECF No. 1 at 1). Plaintiff also asserts a claim for failure to accommodate a pregnancy-related disability under the Americans with Disabilities Act of 1990 ("ADA"). (*Id.*).

On May 29, 2026, Defendant filed the instant Motion for Summary Judgment. (ECF No. 22).

## II. Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Hous., Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir.

2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

## III. Discussion

Defendant moves for summary judgment on Plaintiff's pregnancy discrimination, retaliation, and failure-to-accommodate claims. (ECF No. 22 at 1). As an initial matter, Plaintiff states in her Response that "Plaintiff . . . voluntarily dismiss[es] her failure to accommodate claim under the ADA . . . ." (ECF No. 24 at 10). As such, the Court recommends Defendant's motion be granted as to Plaintiff's failure-to-accommodate claim and that the claim be dismissed with prejudice. The Court now turns to Plaintiff's remaining claims.

### a. Pregnancy Discrimination

Defendant argues Plaintiff's pregnancy-discrimination claim under Title VII, the PDA, and the TCHRA fails as a matter of law because Plaintiff cannot establish a *prima facie* case of discrimination. (ECF No. 22 at 10).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1). The PDA, 42 U.S.C. § 2000e(k), amended Title VII by explicitly including

discrimination based on pregnancy and related medical conditions within the definition of sex discrimination. *See Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 859 (5th Cir. 2002). "A claim brought under the [PDA] is analyzed like any other Title VII discrimination claim." *Santos v. Wincor Nixdorf, Inc.*, 778 F. App'x 300, 302 (5th Cir. 2019) (internal quotations omitted).

The TCHRA also prohibits employers from discriminating "because of sex or on the basis of sex." TEX. LAB. CODE § 21.106. Discrimination based on pregnancy constitutes discrimination based on sex. *Id.* § 21.106(a). "The Supreme Court of Texas has instructed Texas courts to consult judicial interpretations of Title VII and follow the approach of the United States Supreme Court in interpreting Title VII when reviewing TCHRA claims." *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021).

A plaintiff can prove pregnancy discrimination with either direct evidence of discrimination or circumstantial evidence. Where a plaintiff relies on circumstantial evidence, she is required to establish a *prima facie* case of discrimination under the *McDonnell Douglas* burden-shifting framework. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). Under the *McDonnell Douglas* framework, a plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *See Ross*, 993 F.3d at 321 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If she

does so, then the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for its action." *See id.* If the defendant can provide such a reason, then the burden shifts back to the plaintiff to prove that the defendant's stated reason is pretextual. *See id.*

Here, Plaintiff has no direct evidence of pregnancy discrimination and relies only on circumstantial evidence. (ECF No. 24 at 5). Thus, under the *McDonnell Douglas* burden-shifting framework, Plaintiff has the initial burden of establishing her *prima facie* claim. To establish her *prima facie* claim for pregnancy discrimination, Plaintiff must establish that: (1) she was a member of the protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) she was either replaced by someone outside the protected class or otherwise treated less favorably than others who were similarly situated but outside the protected class. *Santos*, 778 F. App'x at 302.

Defendant argues that Plaintiff fails at the fourth element of her *prima facie* case because she cannot demonstrate that she was treated less favorably than other similarly situated employees who were not pregnant. (ECF No. 22 at 10). In response, Plaintiff appears to contend that she is not required to identify a comparator. (*See* ECF No. 24 at 5 ("Plaintiff . . . is not required to rely exclusively upon comparator evidence."). Plaintiff provides no legal

support for this contention. As noted by Defendant, "nowhere in [Plaintiff's] Response does Plaintiff attempt to identify a single comparator." (ECF No. 26 at 1–2). Because Plaintiff fails to identify a comparator or put forth evidence that she was treated less favorably than that comparator, she cannot establish her *prima facie* claim for pregnancy discrimination and fails to establish a genuine issue of material fact. *See Jones v. Nima Goharkhay PLLC*, No. 4:24-cv-1226, 2026 WL 84561, at *10 (S.D. Tex. Jan. 12, 2026).

As such, the Court recommends Defendant's motion for summary judgment be granted as to Plaintiff's sex discrimination claim and that the claim be dismissed with prejudice.

b. Retaliation

Defendant argues Plaintiff's retaliation claim under the PDA and the TCHRA should be dismissed as she fails to establish a *prima facie* case. (ECF No. 22 at 14).

"The substantive law governing Title VII and TCHRA retaliation claims is identical." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014). Making a *prima facie* case for a retaliation claim requires the plaintiff to "demonstrate that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. Under [the TCHRA],

an employee has engaged in protected activity if she has opposed any practice made an unlawful employment practice under [the TCHRA]." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (internal quotations omitted).

If Plaintiff establishes her *prima facie* case, the *McDonnell Douglas* burden-shifting framework applies, and the burden then shifts to the employer, who must demonstrate a legitimate non-retaliatory reason for the employment action. *Gorman*, 753 F.3d at 171 (citing *McDonnell Douglas Corp.*, 411 U.S. at 807). If the defendant satisfies that burden, then the burden shifts back to the plaintiff who must establish that the employer's stated reason is actually a pretext for unlawful retaliation. *Id.*

Here, Defendant argues Plaintiff cannot make out a *prima facie* case of retaliation because Plaintiff cannot establish that she engaged in protected conduct. (ECF No. 22 at 14). In response, Plaintiff contends she was retaliated against for requesting pregnancy-related accommodations. (ECF No. 24 at 8–9). In its Reply, Defendant argues that a request for accommodation is only potentially a protected activity under the ADA and that Plaintiff only pled a retaliation claim under Title VII and the TCHRA. (ECF No. 26 at 3).

While Plaintiff states in her Response that she is proceeding with a "retaliation claim under the ADA," Plaintiff's Complaint states that her

retaliation claim was brought under Title VII and the Texas Labor Code. (*See* ECF No. 1 at 7–8, 9–10).

Further, Defendant is correct that a request for accommodation does not constitute protected activity under Title VII. *See Joseph v. Taco Bell of Am., LLC*, No. 17-cv-11460, 2018 WL 2735485, at *2 (E.D. La. June 7, 2018) (considering a retaliation claim and finding that a request for accommodation does not constitute protected activity under Title VII). As to the TCHRA, the Texas Supreme Court has stated that an accommodation request "could, *in some circumstances*, count as opposition to a discriminatory practice" and thus trigger Chapter 21 of the Texas Labor Code. *Texas Dep't of Transp. v. Lara*, 625 S.W.3d 46, 59 (Tex. 2021) (emphasis in original). However, the Texas Supreme Court explained that the accommodation request "must, at a minimum, alert the employer to the employee's reasonable belief that unlawful discrimination is at issue." *Id.* (citing *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 786 (Tex. 2018)) (internal quotations omitted).

Here, Plaintiff states her accommodation request specifically discussed "her high-risk pregnancy, physical symptoms she was experiencing, adverse outcomes to herself and the baby should the accommodations not be granted, a specific request to avoid Zoom and in-person meetings, and proposed alternatives." (ECF No. 24 at 8–9). Plaintiff, however, has presented no

evidence that she alerted Defendant to the possibility of discrimination in her request. *See Lara*, 625 S.W.3d at 60 ("[T]o invoke the antiretaliation protection of Section 21.055, at least one of Lara's accommodation requests must have alerted TxDOT to Lara's belief that disability discrimination was at issue."). Because there is no evidence that Plaintiff opposed any discriminatory practice by Defendant, Plaintiff cannot make a prima facie case of retaliation under the TCHRA. *Id.* at 61.

As such, the Court recommends Defendant's motion for summary judgment be granted as to Plaintiff's retaliation claim and that the claim be dismissed with prejudice.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** the Defendant's Motion for Summary Judgment (ECF No. 22) be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**. The Court further **DENIES AS MOOT** Plaintiff's Unopposed Motion for Extension of Time (ECF No. 23) and **DENIES** Plaintiff's Motion for Continuance (ECF No. 27).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on August 24, 2026.

Richard W. Bennett
United States Magistrate Judge